## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DEANA D. DORAN,

           Plaintiff,

v.                                                             Case No. 6:23-cv-883-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

           Defendant.

_____

## OPINION AND ORDER[2]

### I.   Status

Deana D. Doran ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of systemic lupus erythematosus, antiphospholipid antibody, degenerative disc disease, lumbar and cervical radiculopathy, vertebral T12 fracture and kyphoplasty, recurrent pulmonary embolism, recurrent deep vein

---

[1]    Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed July 14, 2023; Reference Order (Doc. No. 15), entered July 18, 2023.

thrombosis, left shoulder surgery, chronic pain, numbness in both arms, hip problems, degenerative disc disease of the right hand causing pain and swelling, anxiety, and depression. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed July 10, 2023, at 120-21, 139-40, 273, 323, 337, 348. Plaintiff protectively filed an application for DIB on January 31, 2020, alleging a disability onset date of November 5, 2016.[3] Tr. at 257-58. Later, Plaintiff amended the alleged disability onset date to September 28, 2018. Tr. at 84, 375. The application was denied initially, Tr. at 119, 120-36, 161, 162-64, and upon reconsideration, Tr. at 137, 138-60, 171, 173, 174-86.[4]

On November 15, 2021, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 71-118. At the time, Plaintiff was fifty-eight (58) years old. Tr. at 78. On August 22, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-35.

---

[3]    Although actually completed on February 3, 2020, see Tr. at 257, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as January 31, 2020, see, e.g., Tr. at 120, 139.

[4]    Some of these cited documents are duplicates.

[5]    The hearing was held via telephone because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 73-75, 189-202.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted additional medical evidence and a brief. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 51-70 (medical evidence), 472-74 (brief), 251-53 (request for review). On March 17, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On May 12, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends: 1) "the Appeals Council erred in finding the new evidence 'does not show a reasonable probability that it would change the outcome of the [D]ecision'"; and 2) "the ALJ failed to consider the explanations offered by the medical sources when evaluating the persuasiveness of their opinions." Memorandum in Support of Plaintiff (Doc. No. 22; "Pl.'s Mem."), filed August 16, 2023, at 25, 31 (emphasis omitted). On October 13, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 27; "Def.'s Mem.") addressing the issues. Then, on October 30, 2023, Plaintiff's Memorandum of Law in Reply (Doc. No. 29; "Reply") was filed.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for substantive consideration of the new evidence submitted to the Appeals Council. On remand, an

evaluation of the new evidence submitted to the Appeals Council may impact the Administration's consideration of the other opinion evidence. For this reason, the Court need not address Plaintiff's argument in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7

---

[6]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, prior to engaging in the five-step inquiry, the ALJ found Plaintiff "last met the insured status requirements of the Social Security Act on December 31, 2021" (the "DLI"), Tr. at 14. Then, the ALJ proceeded with the inquiry through step four, where she ended the inquiry based on her findings at that step. <u>See</u> Tr. at 14-34. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of September 28, 2018, through her [DLI]." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found that through the DLI, Plaintiff "had the following severe impairments: right – carpal tunnel syndrome (CTS); systemic lupus erythematosus (SLE); multilevel – degenerative disc disease of the cervical spine; multilevel degenerative disc disease of the lumbar spine; history of right thumb carpometacarpal (CMC) joint arthroplasty with implant." Tr. at 15 (emphasis and citation omitted). At step three, the ALJ found through the DLI that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted).

The ALJ determined through the DLI that Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b) except [Plaintiff] may only occasionally climb ramps and stairs as well as ladders and scaffolds; may frequently balance; may only occasionally stoop and crawl and may frequently kneel, crouch and perform frequent fingering.

Tr. at 17-18 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found through the DLI that Plaintiff "was capable of performing past relevant work as a nurse consultant." Tr. at 31 (emphasis omitted). The ALJ concluded Plaintiff "was not under a disability . . . at any time from November 5, 2016, the alleged onset date,[7] through December 31, 2021, the [DLI]." Tr. at 34 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

---

[7]    It is unclear why the ALJ used the original alleged disability onset date, rather than the amended one, in making this finding.

preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 587 U.S. 97, 103 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted, Plaintiff challenges the Appeals Council's decision to deny review in light of the new evidence presented to it. Pl.'s Mem. at 25-31. Plaintiff focuses on a medical opinion from Kyle Moyles, M.D., the physician treating her for carpal tunnel syndrome. <u>See</u> <u>id.</u>; Tr. at 51, 69-70. Plaintiff argues the Appeals Council erred in finding that there is no reasonable possibility this and other new evidence submitted to the Council will change the administrative

result. Pl.'s Mem. at 25-31. Responding, Defendant contends the Appeals Council correctly denied review even in light of the new opinion evidence. Def.'s Mem. at 6-14.[8]

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R. §§ 404.900(b), 416.1400(b). When the Appeals Council is presented with evidence that was not before the ALJ, the Appeals Council must consider the evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d

---

[8]     The other medical evidence submitted to the Appeals Council need not be discussed in detail because the undersigned finds error with respect to Dr. Moyles's opinion. On remand, the SSA should consider all evidence as appropriate.

1317, 1320 (11th Cir. 2015). "When a claimant properly submits new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Banks for Hunter v. Comm'r, Soc. Sec. Admin., 686 F. App'x 706, 709 (11th Cir. 2017) (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007)).

Here, the Appeals Council recognized that Plaintiff submitted additional medical evidence, including Dr. Moyles's opinion, but found that it "does not show a reasonable probability that it would change the outcome of the [D]ecision."[9] Tr. at 2. The Appeals Council elected "not [to] exhibit this evidence," in effect refusing to substantively consider it. Tr. at 2.[10]

Dr. Moyles's opinion, authored July 6, 2022, covered the period from September 23, 2020 through the date of the opinion. Tr. at 69-70. Among other things, Dr. Moyles opined Plaintiff experiences constant pain in both hands and has significant limitations with reaching, handling, or fingering. Tr. at 70. According to Dr. Moyles, Plaintiff can use both hands only ten percent of the time, fingers only ten percent of the time, and arms only five percent of the time.

---

[9]     The Appeals Council also found as to one of Dr. Moyles's notes dated July 6, 2022 that it did "not relate to the period at issue" because it post-dated the ALJ's Decision. Tr. at 2.

[10]     Defendant only challenges whether the evidence at issue carries a reasonable possibility of changing the administrative result, so the other requirements for the Appeals Council to consider evidence (new, material, and relates to the relevant period) are deemed to have been met and are not substantively addressed.

Tr. at 70. Plaintiff can lift one pound up to frequently and can carry three pounds. Tr. at 70.

This opinion, if accepted, would significantly alter the RFC and carry a reasonable possibility of changing the administrative result. Defendant, in arguing otherwise, relies solely on evidence in the record concerning Plaintiff's <u>right</u> carpal tunnel issues and pain. <u>See</u> Def.'s Mem. at 13-14. Dr. Moyles's opinion, however, covered both hands. <u>See</u> Tr. at 69-70. Moreover, there is a diagnosis of <u>left</u> carpal tunnel syndrome dated January 15, 2019 about which the ALJ was aware, Tr. at 20 (citing Ex. 13F/31, located at Tr. at 1300), but the ALJ did not even find the left carpal tunnel syndrome to be a severe impairment at step two, <u>see</u> Tr. at 15. Reconsideration of the bilateral carpal tunnel syndrome diagnoses and effects is warranted and appropriate in light of Dr. Moyles's opinion on the matter.

For all of the foregoing reasons, the evidence submitted to the Appeals Council carries a reasonable possibility of changing the administrative result. The Appeals Council thus erred in refusing to substantively consider the evidence, and remand is required.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)      Consider the additional evidence submitted to the Appeals Council;

(B)      If appropriate, address the other issue raised by Plaintiff in this appeal; and

(C)      Take such other action as may be necessary to resolve this claim properly.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 16, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record